## Commonwealth v. Beam

*Edward G. Biester*, for Commonwealth; *Webster Achey*, for defendant.

BOYER, J., April 2, 1934.—This question arises upon a waiver of hearing and appeal from a summary prosecution before a justice of the peace for a violation of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, in that the defendant drove his automobile across an intersecting highway without first stopping in obedience to a "stop sign" placed there by the Highway Department under the provisions of the said Vehicle Code.

Only one witness was called for the Commonwealth, who testified to all the facts constituting a violation of the act. The defendant did not testify personally and called no witnesses on his behalf. The testimony clearly shows a violation of the section of the act of assembly under which the prosecution was brought, and if the court has jurisdiction to hear the case and to impose sentence it cannot do otherwise than find the defendant guilty and impose the penalty provided by the act.

The constable, who was the only witness in the case, was also the prosecutor. He admitted that the violation took place in the Township of Southampton; that there were two justices of the peace in that township, each residing about a mile and a half from the place where the violation of the act took place; that the constable did not ascertain whether either of them was "available" at any time between the date of the offense and the date when he brought the prosecution; that each of them had at some prior time expressed to him a preference or request that he take his automobile prosecutions to some other justice of the peace; that the justice of the peace before whom the prosecution was brought resided 3 miles from the point of the violation and in another township; that next to the two justices in Southampton Township he was the nearest justice; and that he was willing to hear all the prosecutor's automobile cases. There is no evidence, and the court cannot find, that the two nearer justices of the peace residing in Southampton Township at any time absolutely refused to hear any particular case or automobile cases in general. The testimony shows nothing more than that they clearly expressed a preference not to have automobile cases brought before them.

The defendant contends that it was the duty of the constable, under section 1201 of The Vehicle Code, as amended by the Act of 1931, to bring his prosecution before either of the two justices of the peace who resided in that township and nearer the scene of the violation than the justice who heard the case; that, he having failed to do so, the justice of the peace before whom the prosecution was brought, and this court, are without any jurisdiction in the premises; and that the defendant must therefore be discharged for want of jurisdiction. The Commonwealth contends that since the justices within the township refused to take cognizance of summary prosecutions in automobile cases the constable had implied authority to lodge his information before the next nearest justice.

Section 1201 of The Vehicle Code provides that such information "shall be brought before the nearest available magistrate, within fifteen (15) days after the commission of the alleged offense", etc. This section of the act was held by the court of Dauphin County to be unconstitutional on the ground that it changed the jurisdiction of justices of the peace and that the title to the act gave no notice of such change: Commonwealth v. Marter, 13 D. & C. 688. However, numerous other courts in the State either recognized or specifically held the act to be constitutional: Commonwealth v. Vorsteg, 17 D. & C. 719; Commonwealth v. Paliescheskey, 17 D. & C. 125; Commonwealth v. Moore, 15 D. & C. 263; Commonwealth v. Allen et al., 15 D. & C. 43; Commonwealth v. Henry, 14 D. & C. 651; Commonwealth v. DeGhequier, 13 D. & C. 615; Commonwealth v. Chadwick, 13 D. & C. 479. This section of the act was amended by the Act of 1931, which provides that the information "shall be brought before the magistrate nearest to the point where the alleged violation occurred, or a magistrate within the . . . township where the alleged violation occurred, within fifteen (15) days after the commission of the alleged offense", etc. The title of the amending act was also changed so as clearly to indicate the provisions of this section, thereby removing the defect of the original act pointed out by the court in Commonwealth v. Marter, supra. The constitutionality of the amended

act has been specifically passed upon and sustained by the court in Commonwealth v. Krall, 18 D. & C. 382. In that case, the court also held that the waiver of a hearing and the taking of an appeal was not a waiver of jurisdiction and did not bar the defendant from raising the question of jurisdiction at the hearing upon the appeal. This was in harmony with earlier decisions under the Act of 1929. We are in accord with that decision on both points.

The specific legal question raised in this case is whether a peace officer has implied authority to bring his prosecution before a justice of the peace outside the township in which the offense was committed and nearest to the point of the violation, if there are no other justices available. The defendant contends that the change made by the amending act in omitting the word "available" is an indication that a peace officer had no such implied authority. With this contention we cannot agree. While it is true that this is a penal act and must be strictly construed, it does not follow that the court must put such a construction upon it as would produce absurd and harmful results and such a construction as would be manifestly subversive of the purposes of the act. Under the provisions of the amending act a peace officer may bring his prosecution before the nearest justice even though he resides outside the municipality, or, at his option, before any justice within the municipality even though not the nearest justice. If there is a justice within the municipality nearer the point of the offense than any outside justice, then the officer may not bring the prosecution before such outside justice. In other words, he may only bring his prosecution before an outside justice when such justice is the nearest to the point of the offense. To sustain the defendant's contention in cases where the justices described by this section are not available, and where it would therefore be impossible to bring the prosecution before any of them within 15 days after the commission of the offense, would be equivalent to saying that in such case all violators of the summary provisions and The Vehicle Code would be absolutely immune from prosecution and drivers of motor vehicles could violate all its summary provisions with impunity. It cannot be assumed that the legislature intended any such absurd consequences by this enactment. The act is not a direct or specific limitation of the jurisdiction of justices of the peace but is a mandatory direction to peace officers to be complied with by them in all cases when possible. But there must be an implied exception in this restriction where a strict compliance is impossible. Therefore, if it was impossible for this prosetor to lodge his information before either of the two justices in the Township of Southampton within the 15 days allowed by the act, then he had implied authority to go before the next nearest justice who was available.

It follows from the above conclusions that the burden of showing that the justices within the township were not available is upon the prosecutor. In other words, he must prove the facts which brought him within the exception and which authorized him to proceed before an outside justice. This the prosecutor failed to do in this case. He has gone no further than to show a disinclination on the part of the two justices in the township to hear automobile prosecutions, but has shown no absolute refusal on their part either before or after the commission of this offense. While it is the duty of the justices of the peace to entertain and hear all prosecutions properly brought before them and while they might be mandamused to perform this duty, it would be both unreasonable and impracticable to require a peace officer to take proceedings for such mandamus. An absolute refusal, on demand, to hear a specific case would be sufficient to render such justice unavailable. In the absence of an attempt by the constable to bring his prosecution before the proper justices and their refusal to entertain it, we are compelled to hold that the justice before whom the

prosecution was brought was without jurisdiction and that the prosecution is void. While we are wholly out of sympathy with this legislation and feel that it is most unwise, we are obliged to comply with its clear mandate.

Now, April 2, 1934, for the reasons above set forth the appeal is sustained, and the defendant is discharged.

From Isaac J. Vanartsdalen, Doylestown, Pa.